# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HIEP D. LE, | Case No. 2:16-cv-02393-RFB-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| EQUIFAX INFORMATION SERVICES, LLC., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to File Documents Under Seal (ECF No. 25), filed on August 23, 2017. To date, no party has filed an opposition to this motion and the time for opposition has now expired.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

Defendant requests leave to file Exhibits 2 through 7 attached to its Motion for Summary Judgment (ECF No. 30) under seal. Defendant represents that the documents contained in exhibits 2 through 6 are confidential policies and procedures manuals, which "contain proprietary information on how Defendant processes and maintains its credit reporting procedures and how it trains its employees." *Motion* (ECF No. 25), pg. 4, lns. 20-21. This information, according to Defendant, should be maintained under seal because public disclosure could aid Defendant's competitors in creating or enhancing upon Defendant's polices and procedures, thereby destroying Defendant's competitive advantage. In addition, Defendant argues that the polices and procedures manuals should be kept under seal because public disclosure could "open Equifax's system to potential identity theft by creating a high risk that the criminals would be able to develop methods to successfully circumvent Equifax's procedures." *Id.* at pg. 5, lns. 14-16. Defendant also requests to file Exhibit 7, the ACIS Maintenance Document that contains Plaintiff's personal identifying information, under seal. *Id.* at pg. 6.

On balance, the Court finds that Defendant has provided compelling reasons to justify an order sealing Exhibits 2 through 7 to Defendant's Motion for Summary Judgment. Therefore, the Court will allow Exhibit 2 through 7 to be filed under seal in their entirety. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to File Documents Under Seal (ECF No. 25) is **granted**.

DATED this 11th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge