# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HIEP D. LE,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC.,

    Defendant.

Case No. 2:16-cv-02393-RFB-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion to File Documents Under Seal (ECF No. 27), filed on August 24, 2017. To date, no party has filed an opposition to this motion and the time for opposition has now expired.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

Plaintiff requests leave to file Exhibit 12 attached to his Motion for Summary Judgment (ECF No. 26) under seal. Plaintiff represents that this exhibit contains confidential, proprietary business records of Defendant, which were produced pursuant to the stipulated Protective Order (ECF No. 21). *Motion* (ECF No. 27), pg. 2. This is not a sufficient compelling reason to justify an order from the Court sealing Exhibit 12. However, the Court will seal this Exhibit based on the compelling reason found in Defendant's Motion to File Exhibits Under Seal (ECF No. 25). There, Defendant requested, and the Court issued, an order to seal the exact same document because it contains Plaintiff's personal identifying information. *See Order* (ECF No. 34). Therefore, the Court will allow Exhibit 12 to Plaintiff's Motion for Summary Judgment to be filed under seal in its entirety. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File Documents Under Seal (ECF No. 27) is **granted**.

DATED this 12th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge