# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HIEP D. LE,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC.,

    Defendant.

Case No. 2:16-cv-02393-RFB-GWF

**ORDER**

This matter is before the Court on Defendant's Motion to File Documents Under Seal (ECF No. 36), filed on September 28, 2017.

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance*

*Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

Defendant requests leave to file Exhibits 2 through 6, 8, 9-A and 9-B attached to its Response to Plaintiff's Motion for Partial Summary Judgment (ECF No. 37) under seal. Defendant represents that the documents contained in Exhibits 2 through 6 are confidential policies and procedures manuals, which "contain proprietary information on how Defendant processes and maintains its credit reporting procedures and how it trains its employees." *See Motion* (ECF No. 25), pg. 4, lns. 20-21 (incorporated by reference into Defendant's current motion). This information, according to Defendant, should be maintained under seal because public disclosure could aid Defendant's competitors in creating or enhancing upon Defendant's polices and procedures, thereby destroying Defendant's competitive advantage. In addition, Defendant argues that the polices and procedures manuals should be kept under seal because public disclosure could "open Equifax's system to potential identity theft by creating a high risk that the criminals would be able to develop methods to successfully circumvent Equifax's procedures." *Id.* at pg. 5, lns. 14-16. Similarly, Defendant seeks to seal Exhibit 9-A to its Response, which is the contract between Defendant and its print-and-mail vendor, Fidelity National Card Services, Inc. Public disclosure of this document would likewise give Defendant's competitors an advantage because it "contains proprietary information on how Equifax processes correspondence and reinvestigation reports for consumers." *Motion* (ECF No. 36), pg. 2, lns. 18-19.

Defendant also requests to file Exhibits 8 and 9-B under seal because they are credit and reinvestigation reports that contain Plaintiff's personal identifying information, such as his date of birth, social security number, and financial account numbers. Defendant asserts that simply redacting the information from the documents is not an alternative because redaction "may not leave sufficient meaningful information for the Court to understand the material facts at issue." *Id.* at pg. 3, lns. 17-18.

On balance, the Court finds that Defendant has provided compelling reasons to justify an order sealing Exhibits 2 through 6, 8, 9-A and 9-B to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment. Therefore, the Court will allow Exhibit 2 through 6, 8, 9-A and 9-B to be filed under seal in their entirety. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to File Documents Under Seal (ECF No. 36) is **granted**.

DATED this 29th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge