Bradley T. Austin
Nevada Bar No. 13064
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy
Suite 1100
Las Vegas, NV 89169
Tel: 702-784-5200
Fax: 702-784-5252
Email: baustin@swlaw.com

*Attorneys for Defendant Equifax Information Services LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HIEP D. LE, | ) Case No. 2:16-cv-02393-RFB-GW |
| Plaintiff, | ) |
| vs. | ) **STIPULATION REGARDING** |
| | ) **WITHDRAWAL AND RESUBMISSION** |
| BANK OF AMERICA, NATIONAL | ) **OF DEFENDANT'S RESPONSE IN** |
| ASSOCIATION; | ) **OPPOSITION TO PLAINTIFF'S** |
| EQUIFAX INFORMATION SERVICES, LLC, | ) **MOTION FOR PARTIAL SUMMARY** |
| | ) **JUDGMENT AND TO EXTEND** |
| Defendant. | ) **DEADLINE FOR REPLY BRIEF** |
| | ) |
| | ) **(FIRST REQUEST)** |

Defendant Equifax Information Services LLC ("Equifax") filed its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (the "EFX Response Brief") on September 28, 2017. [Doc. 37.] In support of the EFX Response Brief, Equifax submitted the Declaration of Pamela Smith (the "Smith Declaration"). [Doc. 37-9.] Along with the Smith Declaration, Equifax attached two exhibits identified as (1) the FIS Card Agreement (Exhibit 9A); and (2) the reinvestigation results dated April 29, 2016 (Exhibit 9B).

Equifax's filing of the Smith Declaration and the two exhibits attached to it precipitated a dispute between Plaintiff's and Equifax's attorneys.

<u>**Summary of Plaintiff's Argument**</u>

It is Plaintiff's position that Exhibits 9A and 9B were improperly introduced as the documents were not previously produced in discovery, but instead were produced for the first

time in Equifax's response to Plaintiff's motion for summary judgment. – despite the fact that they were requested in discovery and Equifax's 30(b)(6) testified in a manner which necessitated their disclosure under Rule 26.  Moreover, even after discovery closed, the parties conducted a telephonic meet-and-confer regarding the confidentiality of all exhibits shortly before submission of their respective motions for summary judgment; at that time, Equifax never disclosed its intention to submit Exhibit 9A under seal, although Exhibit 9A was subsequently filed under seal in Equifax's response.

According to Plaintiff, it remains unclear when Equifax first discovered the existence of Exhibit 9A, although it appears to be a document executed several years ago.  Moreover, Exhibit 9A refers to an entirely new subset of Equifax documents, particularly "Transaction Document Number 2," which suggests that to the degree Exhibit 9A purports to be a "contract" between Equifax and its third-party mailing vendor, it is an out-of-date version of the same.  Therefore, it is Plaintiff's contention that Exhibit 9A was not only untimely provided, but cannot be used for any of the propositions it purports to establish.

As for Exhibit 9B, Equifax has not presented any argument for why it never produced the "reinvestigation results" in discovery.  Regardless, it is Plaintiff's position that these results are apropos of nothing, as Equifax's third party mailing vendor has already affirmed that it has no evidence that the "reinvestigation results" were ever actually mailed to Plaintiff at any time.

## Summary of Defendant's Argument

It is Equifax's position that the FIS Card Agreement was never requested by Plaintiff during discovery and only became relevant because of the arguments made for the first time in Plaintiff's Motion for Partial Summary Judgment, and that such submission does not contradict Equifax's prior testimony. [Doc. 26.]  For instance, Equifax's representative testified to the fact that Equifax contracts with FIS Card for print-and-mail services in her initial deposition.  This fact has never been in dispute.  Further, Ms. Smith testified that the files are transmitted electronically to FIS Card in an electronic format, and it is Equifax's position that her Declaration only clarifies her testimony.  Nonetheless, Equifax has agreed to withdraw both Exhibits that have resulted in the above-referenced dispute so as not to waste the Court's resources with unnecessary

motion practice or to distract the Court from the material issues.

In an effort to resolve the parties' dispute, counsel for the parties have met and conferred in good faith, and have reached an agreement to the items below. This stipulation is filed in good faith and not intended to cause delay.

Accordingly, IT IS HEREBY STIPULATED AND AGREED, by and among counsel, as follows:

1. Equifax shall be permitted to withdraw from the record of this case the EFX Response Brief [Doc. 37], including the Smith Declaration [37-9] and accompanying Exhibits 9A and 9B, within three days of the Court's execution of the instant stipulation. At that time, Equifax shall be permitted to file a corrected and revised EFX Response Brief and Smith Declaration in the form previously exchanged between counsel for the parties on October 6, 2017. Such filing will specifically withdraw Exhibits 9A and 9B, and the references to each, from the EFX Response Brief and the Smith Declaration.

2. Plaintiff's deadline for filing his Reply in support of his Motion for Summary Judgment (Doc. 30) shall be extended two (2) weeks from the date of Equifax's corrective filing identified above.

3. By agreeing to this Stipulation, Plaintiff is not waiving any right to challenge the corrected filing of the EFX Response Brief or to seek any relief it deems appropriate in replying to it,

///
///
///
///
///
///
///
///
///
///

and Plaintiff expressly reserves the right to do so.  Equifax likewise does not waive any right

2  to respond to the relief Plaintiff may seek in a future reply.

3  Dated:  October 9, 2017

4  **IT IS SO STIPULATED:**

5

| Knepper & Clark, LLC | SNELL & WILMER L.L.P. |
|---|---|
| */s/ Miles N. Clark*<br>Matthew I. Knepper<br>Miles N. Clark<br>10040 W. Cheyenne Ave., Suite 170-109<br>Las Vegas, NV  89129<br>matthew.knepper@knepperclark.com<br>miles.clark@knepperclark.com<br>*Counsel for Plaintiff*<br><br>David H. Krieger<br>Haines & Krieger, LLC<br>8985 S. Eastern Avenue<br>Suite 350<br>Henderson, NV  89123<br>dkrieger@hainesandkrieger.com<br>*Counsel for Plaintiff*<br><br>Sean N. Payne<br>Payne Law Firm, LLC<br>9550 S. Eastern Ave., Suite 253-A213<br>Las Vegas, NV  89123<br>seanpayne@spaynelaw.com<br><br>*Attorneys for Plaintiff* | By:  */s/ Bradley T. Austin*<br>Bradley T. Austin<br>Nevada Bar No. 13064<br>3883 Howard Hughes Pkwy<br>Suite 1100<br>Las Vegas, NV 89169<br>Tel: 702-784-5200<br>Fax: 702-784-5252<br>Email: baustin@swlaw.com<br><br>*Attorneys for Defendant Equifax Information Services LLC* |

**IT IS SO ORDERED:**

RICHARD F. BOULWARE, II
United States District Judge

DATED:   October 12, 2017.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I hereby certify that a true and exact copy of the foregoing has been served this 9th day of

October, 2017, via ECF, upon:

4

5

Matthew I. Knepper
Miles N. Clark

6

10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129

7

8

David H. Krieger
Haines & Krieger, LLC

9

8985 S. Eastern Avenue
Suite 350

10

Henderson, NV 89123

11

Sean N. Payne

12

Payne Law Firm, LLC
9550 S. Eastern Ave., Suite 253-A213

13

Las Vegas, NV 89123

14

*Counsel for Plaintiff*

15

16

17

By: /s/ *Jeanne Forrest*
        An employee of Snell & Wilmer

18

19

20

21

22

23

24

25

26

27

28